**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                          CRIMINAL ACTION NO. 2:09-cr-124

HENRY GRAY,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

The Court has reviewed the Defendant's motion (Document 38), brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated to proceed under the Standard Procedure. (Document 39).

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and addendum to the PSR from the Probation Office, and received any materials submitted by the parties on this issue. The

Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

At sentencing, the Court attributed to Defendant a total of 367.91grams of cocaine base, which resulted in a base offense level of thirty-two (32). (Document 33). He received a three-level reduction for acceptance of responsibility. His criminal history category was two (II). No other sentencing guideline enhancements or reductions were applied. However, the Court applied a 20 to 1 cocaine base to cocaine ratio. His original guideline range was ninety-seven to one hundred twenty-one (97-121) months and he was sentenced to a term of ninety-seven (97) months of imprisonment.

Applying the 2011 amendments to the Guidelines, Defendant's base offense level and total offense level remain unchanged, at thirty-two (32) and twenty-nine (29), respectively. Therefore, the Court finds that Defendant is not eligible for a sentence reduction since his sentence is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). In their written responses, counsel for the United States and for the Defendant both acknowledge that the Defendant is not eligible for a sentence reduction. (Documents 40 and 41). For these reasons, the Court **ORDERS** that the § 3582 Motion (Document 38) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshals.

ENTER: March 23, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA